UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FREEMAN A. MESTETH,<br><br>               Plaintiff,<br><br>vs.<br><br>HONORABLE HEIDI L. LINNGREN,<br>Presiding Judge, MATTHEW T.<br>STEPHENS, Attorney, HONORABLE<br>ERIC KELDERMAN, Circuit Court Judge,<br>in their individual and official capacities, and<br>HONORABLE JANKI SHARMA,<br>Magistrate Judge,<br><br>               Defendants. | 5:26-CV-05052-CBK<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

     Plaintiff, a detainee at the Pennington County Jail since November 4, 2025, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

     The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe

plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

Plaintiff contends that he has been incarcerated for 173 days and has not received a speedy public trial He contends that his court-appointed attorney, defendant Stephens, never visited or talked to him. Plaintiff contends that defendant Sharma appointed Stephens to represent plaintiff. He contends that defendant Linngren failed to respond to plaintiff's letter asking Judge Linngren to appoint a different attorney.

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal. Plaintiff is currently charged with simple assault against a law enforcement or other public officer and obstruction of police, jailer, or firefighter in the Seventh Judicial Circuit, Pennington County, South Dakota, case # 51CRI25-004784. Plaintiff's alleged conduct occurred on November 4, 2025. An habitual offender information has been filed. Jury trial is scheduled for July 10, 2026. Matthew Stephens is plaintiff's criminal defense attorney. The case is assigned to Circuit Court Judge Stacy L. Wickre.

Construing plaintiff's complaint liberally, plaintiff's complaint claims that he is receiving ineffective assistance of counsel in his state court case and that Judges Linngren and Sharma have not provided him substitute counsel. Plaintiff states no claims against Judge Kelderman. Plaintiff claims that he has not received a trial within South Dakota's 180-day speedy trial deadline.

Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(2). Plaintiff seeks relief from officials who are immune from damages arising out of the performance of their official judicial functions. Pursuant to the doctrine of judicial immunity, a "judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff has failed

2

to allege any action by Judges Linngren or Sharma that was nonjudicial in nature or taken without jurisdiction. He has further failed to allege any action at all by Judge Kelderman.

Notwithstanding judicial immunity, plaintiff's claim concerning his pretrial detention is subject to dismissal for failure to state a claim. A person in custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *See* Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005). Such matters must be asserted in the court having jurisdiction over the person or by way of a petition for habeas corpus.

Even if plaintiff's complaint was construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it has long been the rule that, considering principles of comity and federalism, federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971). Petitioner's state criminal case is still pending. "Younger abstention requires that federal courts 'abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions.'" Arseneau v. Pudlowski, 110 F.4th 1114, 1117 (8th Cir. 2024) (*quoting* Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012)). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981) (*quoting* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 507, 93 S.Ct. 1123, 1129, 1136, 35 L.Ed.2d 443 (1973) (Rehnquist, Justice, dissenting)).

Plaintiff's complaint fails to state a claim upon which relief can be granted against defendant Kelderman, seeks relief from defendants Linngren and Sharma who are entitled to official immunity, and the claims against defendant Stephens are barred by Younger abstention. The complaint is subject to summary dismissal. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

DATED this 6th day of May, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4